AUDREY F. GOODMAN v. WILKES COUNTY BOARD OF COMMISSIONERS

No. 7723DC779

(Filed 11 July 1978)

**Counties § 3.1— executive secretary to board of elections — compensation — authority of board of commissioners**

> In an action by plaintiff, Executive Secretary to the Wilkes County Board of Elections, to recover sums allegedly owed to her by defendant for overtime worked in 1976, defendant was entitled to summary judgment since defendant had set plaintiff's salary at $675 per month, which was more than the minimum required by G.S. 163-35, and the authority to determine the level of compensation above the statutory minimum was in the county board of commissioners.

APPEAL by plaintiff from *Davis, Judge.* Judgment entered 16 August 1977, in District Court, WILKES County. Heard in the Court of Appeals 21 June 1978.

Plaintiff, who is the Executive Secretary to the Wilkes County Board of Elections, instituted this action to recover sums allegedly owed to her by the Wilkes County Board of Commissioners for overtime worked during 1976. Defendant's answer denied plaintiff's claim and averred, *inter alia,* that (1) plaintiff, as a department head or supervisor, was not entitled to overtime pay under the Wilkes County Personnel Resolution adopted by defendant on 5 April 1976, and (2) plaintiff did not obtain approval of the County Manager prior to her overtime work.

Thereafter, defendant, pursuant to G.S. 1A-1, Rule 56, moved for summary judgment and, in support of its motion, submitted affidavits as well as a copy of pertinent portions of the Personnel Resolution. Plaintiff, in opposition to the motion, submitted an affidavit. The district court filed an order on 24 August 1977, finding no genuine issue of material fact and granting defendant judgment as a matter of law. Plaintiff excepted and appealed to this Court.

*Moore & Willardson, by Larry S. Moore and John S. Willardson, for plaintiff appellant.*

*Brewer & Bryan, by Joe O. Brewer and Paul W. Freeman, for defendant appellee.*

ARNOLD, Judge.

The issue in the case *sub judice* is whether summary judgment was properly entered for defendant. It was.

Logical arguments can be made in support of the functions of a responsible executive secretary of a county board of elections and the necessity of having competent and conscientious secretaries to insure the integrity of our process of elections. Indeed, it appears likely, from the face of the record, that plaintiff performed her duties well and that, in fairness, perhaps she should receive the compensation requested by the Wilkes County Board of Elections. Since the board of elections determines the necessity for the amount of time and work required of its executive secretary, it may be urged that the board of elections should also fix the amount of compensation. However, in the absence of express language, we do not determine the intent of the legislature to effect such a result.

G.S. 163-35 outlines the duties as well as the manner of appointment, dismissal, and compensation of executive secretaries of county boards of elections. (All references to G.S. 163-35 are to 1975 amendments which were in effect during the case at bar.) As to compensation, G.S. 163-35(c) reads:

> "The executive secretary shall be paid compensation as recommended by the county board of elections and approved by the respective boards of county commissioners. Beginning July 1, 1975, the board of county commissioners in every county shall compensate the executive secretary of the county board of elections with a minimum payment of twenty dollars ($20.00) per day for each day the executive secretary is in attendance to her prescribed duties. For the purposes of this section not less than four hours nor more than eight hours shall constitute one day. In addition to the minimum compensation required herein, the executive secretary of the county board of elections shall be granted the same vacation leave, sick leave and petty leave as granted to all other county employees in similar positions. It shall also be the responsibility of the board of county commissioners to appropriate sufficient funds to compensate a replacement for the executive secretary when authorized leave is taken."

This statute does not specifically provide for compensation for overtime work. By its scheme, however, we conclude that the legislative intent of G.S. 163-35(c), once the minimum payment of twenty dollars per day is attained, requires that additional compensation or employment benefits, if any, be determined by the respective boards of county commissioners.

The pleadings and affidavits of both parties show that plaintiff was required to work seven and one-half hour days and that her compensation was $675 per month. The latter figure represents more than the $20 per day minimum which defendant must pay pursuant to G.S. 163-35. The authority to determine the level of compensation above that statutory minimum is in the board of county commissioners, not the board of elections which had only the power to recommend. Hence, as a matter of law, defendant was entitled to judgment in the case at bar.

Arguments by plaintiff and defendant as to whether plaintiff is to be classified as a department head or as an employee under a Wilkes County Personnel Resolution are immaterial to this appeal, especially since it is undisputed that neither the county manager nor defendant approved overtime work for plaintiff as is required by that resolution.

Summary judgment for defendant is

Affirmed.

Judges BRITT and ERWIN concur.